**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**NAKIA RESHEA SUTTON**                                                             **PLAINTIFF**

**VS.**                                                      **CIVIL ACTION NO. 3:13CV993-LRA**

**DR. FAULKS, ET AL**                                                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

The Plaintiff Nakia Reshea Sutton, *pro se,* and Robert Pedersen, counsel for Defendants (Dr. Carl Faulks and Sandra Atwood), appeared before the undersigned United States Magistrate Judge on the 24th day of October, 2013, at the Jackson Federal Courthouse. The hearing was conducted under the authority of *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and its progeny. Plaintiff is housed at the East Mississippi Correctional Facility [EMCF] in Meridian, Mississippi, as a convicted prisoner in the custody of the Mississippi Department of Corrections.

Plaintiff was granted *in forma pauperis* status by this Court by that Order entered July 17, 2013 [17]. A district court may dismiss an IFP complaint as frivolous or for failure to state a claim under 28 U.S.C. § 1915 (e)(2)(B). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A *pro se* prisoner is entitled to develop his complaint factually before a proper frivolousness determination can be made. *See Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir. 1994). The purpose of a *Spears* hearing is to "bring into focus the factual and legal bases of prisoners' claims." *Id.* at 9

(quoting *Spears,* 766 F.2d at 181).  The undersigned conducted the hearing in order to allow Sutton an opportunity to fully explain and/or develop the factual basis of his claims.

Plaintiff described his claims in his Complaint as "medical malpractice." Complaint [1], p. 4.  Yet at the hearing, he testified that Defendant displayed "deliberate indifference" toward him, and he amended his Complaint to drop the "medical malpractice" claim. Plaintiff's authenticated medical records were admitted into evidence and are filed of record [34].

According to his sworn testimony at the hearing, Plaintiff was diagnosed with high cholesterol by a physician at EMCF in 2005. He was prescribed Lopid and told that he would have to be on this medication for the remainder of his life.  Then, sometime in October 2012, Defendant Dr. Faulks told him that his cholesterol was normal and took him off of it.  According to Plaintiff, Dr. Faulks gave him "incompetent advice" by discontinuing the medication, and Plaintiff suffered from the side effects of not having the drug.  Plaintiff contends that he had dizzy spells and other negative symptoms, but Dr. Faulks refused to do anything.  Plaintiff believes that he risked having a heart attack by being off his medication.  He also charges that Dr. Faulks stopped his snack bags during this period.  On or about August or September 2013, Plaintiff was seen by another physician and was again prescribed medication for his cholesterol.  He seeks damages for his pain and suffering for the period of time he went without his medication in the total amount of $95,880.

Plaintiff did not suffer from any permanent injury that he knows of from not having been given the medication for some 6-12 months.

The Court has carefully considered the facts as alleged by Plaintiff in conjunction with the applicable law regarding the medical care that these Defendants are required to provide an inmate in MDOC custody.  Plaintiff is reminded that his rights under the United States Constitution are not violated simply because these Defendants may have been negligent or inattentive.  Although actionable as a tort under common law, medical malpractice does not create a constitutional claim.

Assuming the facts as stated by the Plaintiff are accurate,  the Court finds that Plaintiff has failed to state a cause of action under 42 U.S.C. § 1983 or the United States Constitution.  Sutton simply disagreed with Dr. Faulks' medical decision to discontinue his cholesterol medication, as well as with the EMCF's medical department's failure to treat him as he wished.  These stated facts would only establish a claim of negligence or medical malpractice against Dr. Faulks, Nurse Atwood, or the unserved Defendant,[1] at most.  This Court cannot interfere with medical personnel's diagnoses or judgment or with the decisions they make relating to the appropriate treatment given an inmate.  A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment.  *Wright v. Collins,* 766 F.2d

---

[1] The remaining Defendant, Mrs. Miller, has not been served with process or entered an appearance.  The same law is applicable to her.

841, 849 (4th Cir. 1985).  Questions of medical judgment are not subject to judicial review.  *Russell v. Sheffer,* 528 F.2d 318 (4th Cir. 1975).   Plaintiff's self-diagnosis of what medications he believed he needed states nothing more than a disagreement with the medical staff's decisions.

Attached to Plaintiff's Complaint was his Second Step Response Form submitted by Dr. Faulks, dated October 8, 2012.  According to Dr. Faulks, Plaintiff was started on Lopid by Dr. Barry Beaver.  Dr. Faulks reviewed Plaintiff's total chart and determined that Lopid was no longer indicated because all cholesterol values on the chart were normal.  Dr. Faulks also stated that he discussed Plaintiff's situation with Dr. Swarp (his treating psychiatrist), and Dr. Swarp confirmed that Plaintiff's mental health issues were the problem and needed follow-up; Plaintiff required no medical treatment [1, p. 6], according to Dr. Faulks.

Plaintiff's medical records indicate that he suffers from Bipolar I disorder, hypertension, and paranoid schizophrenia.  He was examined by medical personnel on several occasions because he erroneously believed that he was having a heart attack.  In his records from November 11, 2012, Dr. Faulks noted that Plaintiff "requested that his cholesterol medication be restarted" but that his lipid panel performed 5/2012 showed a total cholesterol of 168, which was normal.  [34, p. 24]. Records from labs performed on January 3, 2013, and on March 7, 2013, also show normal cholesterol. [34, p. 41, 43].  Labs performed June 5, 2013, do confirm a slightly high cholesterol of 217 mg/dL [34, p. 46]. In his records from July 11, 2013,

Sandra Atwood, RN, noted that she "would not discuss his cholesterol medication since we had discussed it many times before." [34, p. 35]. On August 30, 2013, his total cholesterol was 202 mg/dL [34, p. 50]. Plaintiff began receiving cholesterol medications again after this panel was performed, according to his testimony and his medical records.

The Eighth Amendment does prohibit conduct which evinces deliberate indifference to a serious medical need by its ban on cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976). To prove deliberate indifference, Plaintiff must allege that these Defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Sutton's own testimony and allegations rebut any showing of intentional mistreatment; his complaints were addressed, not ignored, and there was no "refusal" to treat. Sutton simply was not happy that his medications were discontinued and with the care he received for his symptoms after the discontinuation. His records confirm that he did receive care from the medical personnel at EMCF on many occasions; there are no specific complaints of side effects of withdrawal from Lopid.

A prisoner is not entitled to his *choice* of treatments. *Id*; *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992). The fact that a plaintiff was not satisfied with his care does not confirm that his constitutional rights were violated. "The decision whether

to provide additional treatment 'is a classic example of a matter for medical judgment'"and "[a] prisoner's disagreement with his medical treatment, absent exceptional circumstances" does not satisfy the deliberate indifference requirement. *Estelle*, 429 U.S. at 107; *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Sutton has not articulated any exceptional circumstances which would make his claims constitutional in nature.

The undersigned, having carefully considered the complaint, as augmented by the sworn testimony of Plaintiff at the hearing, as well as the applicable law, finds that Sutton's claims have no basis either in law or in fact and, therefore, are frivolous[2] and fail to state a claim on which relief may be granted. For these reasons, this action shall be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(I) and(ii). Final Judgment in favor of Defendants shall be entered.

IT IS, THEREFORE, ORDERED that the Complaint is dismissed with prejudice. A separate Final Judgment in favor of Defendants shall be entered on this date.

---

[2]"Frivolous" in this context is a legal term of art that indicates that, although the Plaintiff's allegations are serious to him, and may, indeed, be based on a tangible injury, the theory on which his claims are based are "indisputably meritless" in a legal sense. *See Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

THIS the 7th day of April, 2014.

                                      S/ Linda R. Anderson
                                UNITED STATES MAGISTRATE JUDGE